**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEPIDEH CIRINO, an individual, | No. 12-56038 |
| Plaintiff - Appellant, | D.C. No. 8:11-cv-01890-AG-JPR |
| v. | |
| GMAC MORTGAGE LLC, a Delaware Limited Liability Company; et al., | MEMORANDUM[*] |
| Defendant - Appellees, | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted June 14, 2016[**]

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Sepideh Cirino appeals pro se from the district court's judgment dismissing

her action alleging federal claims relating to her mortgage and the foreclosure of

her property.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We may affirm on any ground supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

Dismissal of Cirino's Fair Debt Collection Practices Act ("FDCPA") claim was proper because Cirino failed to allege facts sufficient to show that any defendant is a debt collector within the meaning of the FDCPA. *See* 15 U.S.C. § 1692a(6) (definition of "debt collector" under FDCPA); *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013) (complaint "must plead factual content that allows the court to draw the reasonable inference" that defendant is a "debt collector" as defined by the FDCPA (citations and internal quotation marks omitted)).

The district court properly dismissed Cirino's Fair Credit Reporting Act ("FCRA") claim because Cirino failed to allege facts sufficient to show that she gave proper notice under the FCRA. *See* 15 U.S.C. § 1681s-2(b); *see also Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002) (the FCRA requires consumers to "filter" their complaints about inaccurate information through the credit reporting agency).

Dismissal of Cirino's mail fraud claim was proper because the mail fraud

statute does not provide a private right of action. *See* 18 U.S.C. § 1341.

Cirino has waived any challenge to the dismissal of her claims under the Racketeer Influenced and Corrupt Organization Act and securities acts by agreeing to the dismissal of these claims before the district court. *See Mendoza v. Block*, 27 F.3d 1357, 1360 (9th Cir. 1994) ("In order to preserve an issue for appeal, a party must make known to the court any objection to the court's action.").

The district court did not abuse its discretion in denying Cirino further leave to amend because the deficiencies in Cirino's amended complaint could not be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

**AFFIRMED.**

12-56038